Good morning. May it please the Court. My name is Susan E. Hill and I represent the petitioner Natavidad Duran Escobar. Before the judge and the BIA, Ms. Duran applied for two types of relief from removal. The first was asylum and the related reliefs, and those were recently addressed in the petitioner's supplemental brief that was filed in 2015.  The judge and the BIA denied cancellation of removal due to a conviction that Ms. Duran incurred in 2001. That conviction was for California Penal Code Section 136.1, and it addressed conduct that was towards witnesses and victims of crimes. The judge and the BIA erred in determining that it was per se a crime involving moral turpitude. The judge and the BIA did not follow an appropriate analysis to determine the elements of that crime. As this Court knows, to determine a CIMT, first you have to establish what the elements of the state statute were and then compare those elements to the common notion of a CIMT in federal law. Federal law doesn't, or federal immigration law doesn't define CIMTs, but basically they have been acknowledged to look at the intent of the mind, and that intent has to be evil, has to be vicious, it has to involve a corrupt mind, and intent to harm. So it's reserved for what is considered base, vile, and depraved conduct. What the BIA and the judge erred in doing was they rolled their inquiry almost into one step rather than two steps. They looked at the California statute, which coincidentally included the word malice in it. The common notion of CIMT does state that it looks at whether malice was involved, but the problem here is that California specifically defines malice, whereas the federal definition, or there is no federal definition, but there is no set definition of malice in federal immigration law. When I was preparing for the oral argument, I did come across a BIA case of matter of MW, and it defines, or defines, it discusses malice, and it is reserved for fairly severe acts. It's an intent to harm, an intent to take life, wicked, depraved, and malignant heart, intention to inflict great bodily harm. So that is the level of malice that the federal notion considers when we're talking about CIMT. Here the judge and the BIA stopped at the word malice in the California statute, and that was inappropriate. The California statute, and there has been case law that discusses the need to look into the statutory scheme, and most recently that was Rivera v. Lynch, and Judge Berzon was on that panel. We need to look at the entire statute to determine what the elements of that crime were. So Section 136 defines malice for the California statute, and it's much broader than what we are used to seeing in the CIMT definition for immigration. So the California statute discusses an intent to, or a wish to vex or annoy, which is far less serious than the depraved and intentional harmful acts that are commonly addressed in CIMT crimes. Counsel, if we agree with you that this California statute is overly broad, what should we do? In this case, first we have to determine what the elements of the crime were, and it's contended that that is an element of the crime because malice is specifically defined. I appreciate that, but could you get to my question, please? Oh, sure. That's okay. So because the BIA did not specifically consider the elements of these crimes, this Court can say that malice is an element of the crime and then send it back to the BIA to put their expertise to whether this is a CIMT offense or not. So I think, and that's what I was trying to get at, so thank you for answering that question. I am understanding you to say if we agree with you that this, that the comparison is such that the California statute is overly broad because of the State statutory definition of malice, that we should remand because the BIA gets to take a first crack at doing this modified categorical approach or determining whether it's doable. Okay. Is that right? Yes. Okay. Thank you. So having determined with the Court the CIMT issue and remand needs to go back for the issue of cancellation of removal, I can also address the asylum issues if the Court wishes me to do that or is the briefing... Before you turn to that, could I just, I just want to verify that under the cancellation, you know, the fourth prong having to do with whether the removal would result in exceptionally and extremely unusual hardship, my understanding is that the Immigration Court didn't reach that. Is that right? Correct. They did not. All right. Judge Berzan, do you have any questions? I don't. I don't. All right. Would the Court like me to address the asylum issue or is the briefing sufficient? Briefing is fine with me. Yes. Briefing is sufficient. Thank you.  Thank you, Counsel. Thank you, Counsel. Thank you. Good morning, Your Honor. May it please the Court and all users for the Attorney General. Can you hear me, Judge Berzan? Sorry, I should step in. I can, thank you. You can feel free to bend that if you want to. Not terrific, if you will. Okay. I guess, based on your discussion earlier just now with opposing counsel and finding that the statute is overly broad, I would just... Well, that wasn't a finding. That was a hypothetical. I'm sorry. I said, if we agree. Okay. But maybe you could start there. However, it does strike me that this is an instance in which it might have not been a bad idea for the Attorney General to simply ask for a remand. Do you have anything to say about to the contrary, really? Just specific to say that the crime involving moral turpitude, the definition includes the understanding that it's something that shocks the public's conscience. This is the general definition if we were going to look at the... But, Counsel, specifically our problem is the California definition of malice. Yes. It's much broader, isn't it? I would say that the definition of malice goes directly to the intent and the knowing and malicious intent in attempting to dissuade an individual or prevent an individual from testifying. But don't we look specifically at how California defines malice as used within the statute? Yes, we do. And if that definition is overbroad, then would that warrant a remand? If you find that that definition is overbroad, then, yeah, it wouldn't be a categorical. Explain to us why it's not overbroad. I guess I would say that it goes to the fact that the focus, the way I see it is that to vex and annoy goes to whether or not someone addresses in conjunction with the specific intent of knowingly and for no good reason essentially, either that being annoying or vexing someone and attempting to prevent them from testifying and kind of interfering with the administration of justice. But we're talking about the evil intent part. You're not claiming to come under the foreign part, right? The evil intent part in general has dealt with evil people, I mean physical threats and injuries and so on. This is vexing and annoying somebody in order to get them not to testify, right? And does that fit? And that fits within the evil intent part of the CIMT definition? I would say that this is a tough case, but I would also indicate that I would respond in saying that that intent is still focused on ultimately interfering with justice, and that taken together is where I would say is where the intrepidness conduct would be. Well, there are CIMT cases, not to belabor the point, but there are CIMT cases that are sort of sounding fraud, and then there are others that require violence. And my understanding is that the government's position is that this isn't one of those that would fall within the fraud category. Is that right? Yes, it would fall in the secondary category, the non-fraudulent CIMTs. Vile, depraved conduct. Yes, under that definition. And that definition also continues to say it's something that's contrary to society and to general duties owed to one another, and that involves influencing someone and having a negative effect or possibly a negative effect on the administration of justice. And that would be the government's position in terms of why this would fall under the evil intent or the corrupt mind to be willing or specifically intending to influence a judicial proceeding. Judge Berzon, were you trying to ask a question earlier? No, it was your question. It was the same question. Okay. Judgment? I don't think there are any further questions, counsel. As to regarding to the asylum aspect of this claim, I would just rest on our briefs. All right. Thank you. Thank you for your time. Sure. Anything further you wanted to address, counsel? I would just like to simply point out to the extent it may be relevant to this Court's determination, there are some case laws that do discuss similar offenses. I referenced the Rivera case, and that was perjury, and that was determined not to be SCIMT, even though there was a specific intent to commit the perjury. And furthermore, the Valenzuela case, which Judge Christensen, you were on that case, and that was ID theft, and that was also determined not to be CIMT. Thank you. Thank you. The next case on the calendar is Clymer v. Elder.
judges: Berzon, Christen, Nguyen